```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/26/20
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MALIBU MEDIA, LLC,

                    Plaintiff,

         -against-

JOHN DOE subscriber assigned IP address
65.78.23.98,

                    Defendant.

------------------------------------------------------------------X

18-CV-8694 (PGG) (KHP)

**REPORT & RECOMMENDATION**

TO:    THE HON. PAUL G. GARDEPHE, United States District Judge
FROM: KATHARINE H. PARKER, United States Magistrate Judge

       Plaintiff Malibu Media LLC (d/b/a "X-art.com") asserts claims for copyright infringement pursuant to the Copyright Act, 17 U.S.C. §§106, 501, *et seq.*, against Defendant Jeremy Sanders (initially identified as John Doe). Plaintiff requests $1,500 for each of the six works alleged to be infringed (totaling $9,000), as well as costs and disbursements in the amount of $780.[1]

       Upon Plaintiff's application and in light of Defendant's failure to appear in or otherwise defend against this action, on November 5, 2019, the Court granted Plaintiff's motion for a default judgment. The matter was then referred to the undersigned for an inquest on damages.

       For the reasons stated below, I respectfully recommend that the Court enter

---

[1] The Court notes that Plaintiff's damages request has varied in different filings. *Compare* Inquest Mem. at 1, Doc. No. 54 (requesting statutory damages in the amount of $180,000 and $800 in cost and post-judgment interest on the same) *with* Inquest Mem. at 10 (requesting $55,000 in statutory damages); Tr. of Jan. 29, 2020 Inquest Hr'g at 8:7-10 (requesting $9,000 in damages and $780 in additional costs). The Court uses the latest (and least) damage figure as requested in the February 12, 2020 Affidavit of Colette Pelissier, Malibu Media's owner.

judgment for Plaintiff in the amount of $9,000 in statutory damages for Defendant's copyright infringement. I further recommend that the Court award Plaintiff $400 in costs.

## BACKGROUND

Because of Defendant's default, the Court accepts the well-pleaded factual allegations in Plaintiff's amended complaint as true except as to damages. *See, e.g.*, *Malibu Media, LLC v. Greenwood*, No. 17CIV1099PAESLC, 2019 WL 7580083, at *1 (S.D.N.Y. Dec. 17, 2019) (citing *City of New York v. Mickalis Pawn Shop*, LLC, 645 F.3d 114, 137 (2d Cir. 2011)), *adopted by*, No. 17CIV1099PAESLC, 2020 WL 209140 (S.D.N.Y. Jan. 14, 2020). Plaintiff is a limited liability company in the business of producing and distributing adult films via a subscription service. Defendant is an individual residing in New York. Plaintiff commenced this action on September 23, 2018 and asserts that Defendant used the BitTorrent file sharing network to illegally download and distribute its copyrighted digital works. In all, Plaintiff accuses Defendant of illegally downloading and distributing six copyrighted works.

The BitTorrent protocol breaks up files into many small pieces that may be distributed by and to many separate users. The files are then reassembled by the BitTorrent client once the pieces have been downloaded. Plaintiff used the works' file hashes, digital fingerprints assigned to BitTorrent files, to download the infringing works from a specific internet protocol (IP) address, an identifier of internet users. With the Court's permission, Plaintiff subpoenaed the third-party internet service provider to identify the owner of the IP address. Plaintiff filed an amended complaint on March 20, 2019, identifying Defendant as Jeremy Sanders, a resident

of New York. An affidavit of service was filed on May 16, 2019. Defendant did not appear or otherwise respond to the amended complaint.

On July 9, 2019, the Court ordered Defendant to show cause as to why default judgment should not be entered. After attempting to and failing to serve Defendant, Plaintiff requested to serve the order to show cause by alternate service, including by posting of a copy of the order. The request was granted on July 23, 2019. An affidavit of service was filed on August 6, 2019. On November 5, 2019, the District Court entered an order of default judgment against Plaintiff. The District Court enjoined Defendant "from directly or indirectly infringing on Plaintiff's copyrights" and "ordered [Defendant] to destroy all copies of Plaintiff's work." Doc. No. 48. The undersigned was referred for an inquest on damages.

On January 29, 2020, the Court held an inquest hearing where Plaintiff's counsel appeared, though Plaintiff's witness did not. Defendant did not appear. At the hearing, Plaintiff represented that it had attempted to serve Defendant both personally and with substituted service, both for prior pleadings and in regards to the inquest hearing order. In particular Plaintiff drew the Court's attention to an affidavit of service filed on November 15, 2019. In that affidavit, the process served attempted to serve Defendant three times in person at their apartment but was unable to do so. Though the process server spoke to a "Jeremy" who resided in the apartment, that person refused to accept the papers, acknowledged he knew of the case, and stated that he was the wrong person being sued. Plaintiff has not spoken to Defendant. The Court gave Defendant a final thirty days to file a response to Plaintiff's

3

motion for damages. Defendant did not do so. On February 12, 2020, Plaintiff filed a supplemental affidavit as per the Court's order.

## DISCUSSION

### A. Liability

#### 1. Legal Standard

Rule 55 governs judgments against a party that has failed to plead or otherwise defend itself in an action. *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011); *Pac. M. Int'l Corp. v. Raman Int'l Gems, Ltd.*, 888 F. Supp. 2d 385, 392 (S.D.N.Y. 2012). A default constitutes an admission of all well-pleaded factual allegations in the complaint, and the allegations pertaining to liability are deemed true. *Finkel v. Romanowicz*, 577 F.3d 79, 83 n. 6 (2d Cir. 2009) (noting that an entry of default establishes liability). When a party has defaulted, the court must draw all reasonable inferences in the non-defaulting party's favor. *Id.* at 84. However, a Plaintiff is not entitled to default judgment as a matter of right. *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC,* 779 F.3d 182, 187 (2d Cir. 2015). A plaintiff still bears the burden to demonstrate that his uncontroverted allegations establish the defendant's liability on each asserted cause of action. *Id.*; *see also Morales v. Mw Bronx, Inc.,* No. 15-CV-6296 (TPG), 2016 WL 4084159, at *4 (S.D.N.Y. Aug. 1, 2016) (collecting cases).

Thus, although Judge Gardephe ordered that a default be entered, this Court nevertheless reviews the amended complaint's allegations to determine if the elements of the claim for which Plaintiff seeks damages have been adequately pleaded for purposes of establishing

liability and determining damages.  *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981); *see Finkel*, 577 F.3d at 84 (explaining that, after a default, "[a court] is also required to determine whether [plaintiff's] allegations establish [defendant's] liability as a matter of law.").

### 2. Copyright Infringement

To establish a violation of the Copyright Act, a plaintiff must demonstrate ownership of a valid copyright and copying of original elements of the copyrighted work without authorization.  *See Arista Records LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010).  Both requirements are satisfied here.  The well-pleaded allegations of Plaintiff's amended complaint demonstrate that Plaintiff holds valid copyrights in the six works at issue, and that Defendant infringed Plaintiff's copyright by downloading and then distributing the works via the BitTorrent file sharing network.

### B. Damages

A party's default is not considered an admission of damages.  *See Finkel*, 577 F.3d at 84.  There must be an evidentiary basis for damages sought.  *Id.*; *Int'l Ass'n of Heat & Frost Insulators v. Affiliated Envtl. Servs. NJ, Inc.*, No. 15-CV-6909-LTS, 2017 WL 5153565, at *3-4 (S.D.N.Y. Nov. 6, 2017).  Here, the Court held an inquest hearing where Plaintiff was able to explain its alleged damages.  Plaintiff also provided other documentation, including a memorandum of law and affidavits.

Under the Copyright Act, "an infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer, . . . or (2) statutory damages, as provided by subsection (c)."  17 U.S.C. § 504(a).  Plaintiff has elected to recover

5

statutory damages in lieu of actual damages for Defendant's infringement.  Under Section 504(c) of the Copyright Act, Plaintiff can recover between $750 and $30,000 per work infringed, "as the court considers just."  17 U.S.C. § 504 (c)(1).

To determine the amount of statutory damages for copyright infringement, courts examine:  (1) the infringer's state of mind; (2) the expenses saved and profits earned; (3) any revenue lost by the copyright holder; (4) any deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct of the parties.  *See Bryant v. Media Right Prods., Inc.,* 603 F.3d 135, 144 (2d Cir. 2010).

A court can increase the award of statutory damages to up to $150,000 if the infringement was willful.  17 U.S.C. § 504(c)(2).  An infringement is willful if "the defendant had knowledge that its conduct represented infringement or perhaps recklessly disregarded that possibility."  *Hamil Am., Inc. v. GFI,* 193 F.3d 92, 97 (2d Cir. 1999) (citation and internal quotation marks omitted).  Courts may make an inference of willfulness where a defendant defaults.  *See, e.g.*, *Nature's Enterprises, Inc. v. Pearson*, No. 08-cv-8549 (JGK), 2010 WL 447377, at *7 (S.D.N.Y. Feb. 9, 2010); *Burberry Ltd. v. Euro Moda, Inc.,* No. 08-cv-5781 (CM) (AJP), 2009 WL 4432678, at *3 (S.D.N.Y. Dec. 4, 2009).  Where a defendant has acted willfully, "a statutory award should incorporate not only a compensatory, but also a punitive component to discourage further wrongdoing by the defendants and others."  *Malletier v. Carducci Leather Fashions, Inc.,* 648 F.Supp.2d 501, 504 (S.D.N.Y. 2009).

Importantly, not all willful conduct constitutes the kind of "truly egregious conduct" that justifies maximum damages. *EMI Apr. Music Inc. v. 4MM Games, LLC*, No. 12-cv-2080 (DLC) (JLC), 2014 WL 325933, at *5 (S.D.N.Y. Jan. 13, 2014), *adopted by*, 2014 WL 1383468 (S.D.N.Y. Apr. 7, 2014). Statutory damages need not equal harm actually incurred by a plaintiff, but they should "bear some relation to actual damages suffered." *Coach, Inc. v. O'Brien*, No. 10-cv-6071 (JPO) (JLC), 2012 WL 1255276, at *2 (S.D.N.Y. Apr. 13, 2012).

Here, Defendant's state of mind is culpable. As Plaintiff argued during the inquest hearing, Defendant had to actively choose to participate in BitTorrent network to share the infringed works; it could not happen by accident. Defendant had to download the BitTorrent software, had to download the infringed works, and then share that with others sufficient for Plaintiff to assemble the entirety of the works. As to the second factor, there is no evidence that Defendant made a profit from the works. Given the way that BitTorrent works as a peer-to-peer file sharing service, it is unlikely that any profit was made. Defendant did save some money, namely "a monthly recurring subscription fee of $29.95[] or an annual subscription fee of $99.95." Pelissier Decl. ¶ 7, Doc. No. 54-4. The revenue lost by the Plaintiff is greater than that of money saved by Defendant, as Plaintiff did not just lose one subscriber, but also had its works made available to download by other potential subscribers. As to the fourth factor, there is a deterrent effect on Defendant and third parties where a modest penalty is enforced against infringement. Defendant has not appeared and so has not cooperated with the Court. Plaintiff has acted professionally throughout and has asked for a figure well below the statutory maximum. Finally, the Court finds that Defendant acted willfully, not only because Defendant

7

has defaulted, but also because the method of infringement indicates willfulness. However, the willfulness is not the type of egregious conduct which calls for a maximal penalty. After carefully balancing the factors, the undersigned respectfully recommends that judgment be entered against Defendant in the amount of $9,000, representing damages of $1,500 for each of the six copyrighted works.

Finally, the Court addresses Plaintiff's request for costs. "[A]lthough not required to do so, courts routinely award costs to the prevailing party in copyright cases." *London-Sire Records v. Armstrong,* No. 3:05-cv-1771 (JBA), 2006 WL 2349615, at *3 (D.Conn. July 28, 2006) (quoting *Arclightz and Films Pvt. Ltd. v. Video Palace Inc.*, 303 F.Supp.2d 356, 365 (S.D.N.Y.2003)); *see also LeBlanc-Sternberg v. Fletcher,* 143 F.3d 748, 763 (2d Cir. 1998) (explaining that "reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients" are recoverable in connection with attorneys' fees awards) (internal quotation marks and citations omitted). These costs include filing fees, postage, messenger expenses, and other documented expenditures. *See Peer Int'l Corp. v. Max Music & Entm't, Inc.*, No. 03-cv-0996 (KMW) (DF), 2004 WL 1542253, at *6 (S.D.N.Y. July 9, 2004). Parties are not entitled to costs where the costs are not documented, though the Court may take judicial notice of costs reflected on the docket*. See, e.g.*, *Malibu Media*, 2019 WL 7580083, at *5 (collecting cases).

Plaintiff has requested $780 in costs and disbursements. Though Plaintiff filed a statement of damages that included a breakdown of supposed costs and disbursements, there was no documentation (such as receipts) as to the amounts actually spent. The docket does show $400 in filing fees. Because no other costs are documented, the Court respectfully

recommends the award of $400 in costs which represents the filing fee documented on the docket.

This Report and Recommendation has been mailed to the *pro se* Defendant by Chambers.

**SO ORDERED.**

DATED:    New York, New York
         March 26, 2020

_____
KATHARINE H. PARKER
United States Magistrate Judge

NOTICE

The Defendant shall have seventeen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure (i.e. by November 11, 2019).  *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days only when service is made under Fed. R. Civ. P. 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to by the parties)).  Plaintiff shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure (i.e. by November 8, 2019).

If the Plaintiff files written objections to this Report and Recommendation, the Defendant may respond to Plaintiff's objections within seventeen days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Alternatively, if Defendant file written objections, the Plaintiff may respond to such objections within fourteen days after being served with a copy.  Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a), (d).  Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Katherine P. Failla at the United States Courthouse, 40 Foley Square, New York, New York 10007, and to any opposing parties.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).  Any requests for an extension of time for filing objections must be addressed to Judge Failla.  The failure to file these timely objections will result in a waiver of those objections for purposes of appeal.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn*, 474 U.S. 140 (1985).