UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MALIBU MEDIA, LLC,

                Plaintiff,

- against -

JEREMY SANDERS,

                Defendant.

**ORDER**

18 Civ. 8694 (PGG) (KHP)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Malibu Media, LLC has sued Defendant Jeremy Sanders for copyright infringement. (Am. Cmplt. (Dkt. No. 19)) This Court entered an Order of Default against Defendant (Dkt. No. 48) and referred this case to Magistrate Judge Katherine Parker for an inquest on damages. (Dkt. No. 49) Judge Parker has issued a Report & Recommendation ("R&R") in which she recommends that Plaintiff be awarded $9,000 in damages and $400 in costs. (R&R (Dkt. No. 63) at 8) For the reasons stated below, the R&R will be adopted in its entirety.

**BACKGROUND**[1]

**I.   FACTS**

        Plaintiff is a California-based limited liability company that owns copyrights to

---

[1] The parties have not objected to Judge Parker's recitation of the alleged facts. Accordingly, the Court adopts her account of the facts in full. See Silverman v. 3D Total Solutions, Inc., No. 18 CIV. 10231 (AT), 2020 WL 1285049 (S.D.N.Y. Mar. 18, 2020) ("Because the parties have not objected to the R&R's characterization of the background facts . . . , the Court adopts the R&R's 'Background' section. . . ."). Given Defendant's default, these facts are assumed to be true. Idir v. La Calle TV, LLC, No. 19-CV-6251 (JGK), 2020 WL 4016425, at *2 (S.D.N.Y. July 15, 2020) ("In the event of a defendant's default, the plaintiff's properly pleaded allegations in the complaint, except those related to damages, are accepted as true.").

certain adult films.  (Am. Cmplt. (Dkt. No. 19) ¶¶ 2-3, 8 & Ex. B)  Defendant is an individual who resides in New York City.  (Id. ¶ 9)

According to the Amended Complaint, Defendant used a BitTorrent file-sharing network to illegally download and distribute six of Plaintiff's copyrighted digital works.[2]  (Id. ¶¶ 23-25, 30; Am. Cmplt. Ex. A (Dkt. No. 19-1), Ex. B (Dkt. No. 19-2))

## II.     PROCEDURAL HISTORY

Plaintiff filed the Complaint on September 23, 2019 (Dkt. No. 1) and an Amended Complaint on March 20, 2019.  (Dkt. No. 19)  Defendant was served with the Amended Complaint on April 2, 2019 (Dkt. No. 27), but has not responded to the Amended Complaint or otherwise appeared in this action.

On July 9, 2019, the Court ordered Defendant to show cause – at a hearing scheduled for July 26, 2019 – why a default judgment should not be entered.  (Dkt. No. 36)  The hearing was adjourned to November 5, 2019.  (Dkt. No. 44)  Despite being served with the order scheduling the hearing (Dkt. No. 43) and the subsequent order rescheduling the hearing (see Oct. 15, 2019 docket entry), Defendant did not appear on November 5, 2019.  (Dkt. No. 48)  That day, the Court issued an Order of Default against Defendant (id.) and referred this case to Judge

---

[2]  "The BitTorrent file distribution network ('BitTorrent') is one of the most common peer-to-peer file sharing systems used for distributing large amounts of data, including, but not limited to, digital movie files. . . . BitTorrent's popularity stems from the ability of users to directly interact with each other in order to distribute a large file without creating a heavy load on any individual source computer and/or network. . . . In order to distribute a large file, the BitTorrent protocol breaks a file into many small pieces.  Users then exchange these small pieces among each other instead of attempting to distribute a much larger digital file. . . . After the infringer receives all of the pieces of a digital media file, the infringer's BitTorrent client software reassembles the pieces so that the file may be opened and utilized."  (Am. Cmplt. (Dkt. No. 19) ¶¶ 10-13)

Parker for an inquest on damages. (Dkt. No. 49)

On January 29, 2020, Judge Parker held a hearing. (Dkt. No. 50) Despite being served with the order scheduling the hearing (Dkt. No. 52), Defendant failed to appear. (Dkt. No. 58) On February 12, 2020, Plaintiff filed a supplemental affidavit in support of its request for damages. (Dkt. No. 59) Although Judge Parker invited a written submission from Defendant (Dkt. No. 58), he submitted nothing.

On March 26, 2020, Judge Parker issued a 10-page R&R recommending that Plaintiff be awarded (a) $9,000 in damages, representing $1,500 for each of the six infringed copyrighted works, and (b) $400 in costs. (R&R (Dkt. No. 63) at 8-9)

In her R&R, Judge Parker notified the parties that they had 14 days to file any objections, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. (Id. at 10) The R&R further states that "failure to file . . . timely objections will result in a waiver of those objections for purposes of appeal." (Id. at 10) Neither side has objected to the R&R.

## DISCUSSION

### I.  LEGAL STANDARDS

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a timely objection has been made to the magistrate judge's recommendations, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Where, as here, no objections are filed to a magistrate judge's R & R – despite

3

clear warning that a failure to file objections will result in a waiver of judicial review – judicial review has been waived.  See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); see also Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))); see also Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report.").  This Court has nonetheless reviewed the R&R for clear error and, as explained below, finds no error – let alone clear error – in Judge Parker's findings.

## II.     ANALYSIS

### A.     Liability

As Judge Parker noted, a "default constitutes an admission of all well-pleaded factual allegations in the complaint, and the allegations pertaining to liability are deemed true." (R&R (Dkt. No. 63) at 4 (citing Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009)).  However, the "plaintiff still bears the burden to demonstrate that his uncontroverted allegations establish the defendant's liability on each asserted cause of action."  (Id. (citing Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 187 (2d Cir. 2015)))

"To establish a violation of the Copyright Act, a plaintiff must demonstrate ownership of a valid copyright and copying of original elements of the copyrighted work without authorization."  (Id. at 5 (citing Arista Records LLC v. Doe 3, 604 F.3d 110, 117 (2d Cir. 2010))) Judge Parker correctly concluded that these requirements are satisfied here, because the "well-

pleaded allegations of Plaintiff's amended complaint demonstrate that Plaintiff holds valid copyrights in the six works at issue, and that Defendant infringed Plaintiff's copyright by downloading and then distributing the works via the BitTorrent file sharing network." (Id.) Accordingly, liability is established.

### B. Damages

As to damages, Judge Parker notes that – under the Section 504(a) of the Copyright Act – "'an infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer, . . . or (2) statutory damages, as provided by subsection (c).'" (Id. (quoting 17 U.S.C. § 504(a))  Subsection (c), in turn, provides that plaintiffs may recover "between $750 and $30,000 per work infringed, 'as the court considers just.'"[3]  (Id. at 6 (quoting 17 U.S.C. § 504 (c)(1))  Plaintiff here seeks $9,000 in statutory damages, representing $1,500 for each infringed copyrighted work.  (Pltf. Aff. (Dkt. No. 59) ¶¶ 5-6)

As the R&R notes, courts examine the following factors to determine the amount of statutory damages:  "(1) the infringer's state of mind; (2) the expenses saved and profits earned; (3) any revenue lost by the copyright holder; (4) any deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct of the parties."  (R&R (Dkt. No. 63) at 6 (citing Bryant v. Media Right Prods., Inc., 603 F.3d 135, 144 (2d Cir. 2010)))

Judge Parker weighed these factors and concluded that $9,000 in statutory

---

[3]  A court can impose an award of statutory damages of as much as $150,000 if the infringement was "willful." (R&R (Dkt. No. 63) at 7 (citing 17 U.S.C. § 504(c)(2)).  An infringement is willful if "'the defendant had knowledge that its conduct represented infringement or perhaps recklessly disregarded that possibility.'"  (Id. (quoting Hamil Am., Inc. v. GFI, 193 F.3d 92, 97 (2d Cir. 1999)))

5

damages was appropriate, reasoning as follows:

> Defendant's state of mind is culpable.  As Plaintiff argued during the inquest hearing, Defendant had to actively choose to participate in BitTorrent network to share the infringed works; it could not happen by accident.  Defendant had to download the BitTorrent software, had to download the infringed works, and then share that with others sufficient for Plaintiff to assemble the entirety of the works.  As to the second factor, there is no evidence that Defendant made a profit from the works.  Given the way that BitTorrent works as a peer-to-peer file sharing service, it is unlikely that any profit was made.  Defendant did save some money, namely "a monthly recurring subscription fee of $29.95[] or an annual subscription fee of $99.95."  Pelissier Decl. ¶ 7, Doc. No. 54-4.  The revenue lost by the Plaintiff is greater than that of money saved by Defendant, as Plaintiff did not just lose one subscriber, but also had its works made available to download by other potential subscribers.  As to the fourth factor, there is a deterrent effect on Defendant and third parties where a modest penalty is enforced against infringement.  Defendant has not appeared and so has not cooperated with the Court.  Plaintiff has acted professionally throughout and has asked for a figure well below the statutory maximum.  Finally, the Court finds that Defendant acted willfully, not only because Defendant has defaulted, but also because the method of infringement indicates willfulness.  However, the willfulness is not the type of egregious conduct which calls for a maximal penalty.  After carefully balancing the factors, the undersigned respectfully recommends that judgment be entered against Defendant in the amount of $9,000, representing damages of $1,500 for each of the six copyrighted works.

(R&R (Dkt. No. 63) at 7-8)

The Court finds no error in Judge Parker's well-reasoned analysis.  Accordingly, the Court will adopt her recommendation and award Plaintiff $9,000 in statutory damages.

As to costs, the R&R notes that "'courts routinely award costs to the prevailing party in copyright cases.'"  (R&R (Dkt. No. 63) at 8 (quoting London-Sire Records v. Armstrong, No. 3:05-cv-1771 (JBA), 2006 WL 2349615, at *3 (D. Conn. July 28, 2006)))  Plaintiff requests $780 in costs, but Judge Parker finds that Plaintiff did not submit "documentation (such as receipts)" to support its application.  (Id. at 8)  The docket reflects that Plaintiff paid $400 in filing fees, however, and Judge Parker recommends that Plaintiff be awarded that amount in costs.  (Id. at 8-9 (citing Peer Int'l Corp. v. Max Music & Entm't, Inc.,

6

No. 03 Civ. 996 (KMW) (DF), 2004 WL 1542253, at *6 (S.D.N.Y. July 9, 2004) (noting that "filing fees" are a recoverable cost)))  The Court finds no error in this determination and will award the recommended amount of $400 in costs.[4]

## CONCLUSION

For the reasons stated above, Judge Parker's R&R is adopted in its entirety. Plaintiff is awarded $9,000 in statutory damages and $400 in costs.  The Clerk of Court is directed to enter judgment and close this case.

Dated: New York, New York
       August 27, 2020

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

---

[4]  On March 28, 2020, two days after the R&R was issued, Plaintiff filed a document styled as a "Notice of Filing," which annexes receipts for $325.35 in service-related costs.  (Dkt. No. 64)  Plaintiff requests reimbursement for those costs.  (Id.)  Even though Judge Parker directed Plaintiff to file "documentary . . . support for . . . requested damages" (Dkt. No. 50), Plaintiff failed to submit these receipts to Judge Parker, and Plaintiff does not explain why it neglected do so.  The Court therefore will not consider the receipts.  See Hu v. 226 Wild Ginger, No. 17-CV-10161 (JGK), 2020 WL 4383501, at *4 (S.D.N.Y. July 31, 2020) ("Absent a compelling justification to present new evidence to the District Court, review of the Magistrate Judge's ruling should be based on the evidence before the Magistrate Judge and not on new evidence presented to the District Court.") (citing Azkour v. Little Rest Twelve, Inc., No. 10-cv-4132, 2012 WL 1026730, at *2 (S.D.N.Y. Mar. 27, 2012) (collecting cases)).